1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

EDMOND WADE GREEN,                    )      3:13-cv-00696-MMD-WGC
                                      )
        Plaintiff,                    )      **REPORT & RECOMMENDATION**
                                      )      **OF U.S. MAGISTRATE JUDGE**
        vs.                           )
                                      )
NEVADA STATE OF                       )
                                      )
        Defendant.                    )
_____ )

This Report and Recommendation is made to the Honorable Miranda M. Du, United States
District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1], Notice of
Removal (Doc. # 1-1) and Motion for Appointment of Counsel (Doc. # 1-3). After a thorough
review, it is recommended that Plaintiff's application to proceed in forma pauperis be granted,  that
the complaint be dismissed with prejudice, and that the motion for appointment of counsel be
denied as moot.

**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an
affidavit that includes a statement of all assets such [person] possesses [and] that the person is
unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,
defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).
"'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some

---

[1]Refers to court's docket number.

particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

[I]n addition to filing the affidavit filed [as described above], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Notwithstanding the foregoing:

[I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who is presently incarcerated, indicates he is employed through the prison and after prison deductions, makes approximately $65 per month. (Doc. # 1 at 1.) His financial certificate indicates that his current prison account balance is $9.57. (*Id*. at 4.) His average monthly balance is $13.48. (*Id*.)

Pursuant to 28 U.S.C. § 1915, Plaintiff's application to proceed in forma pauperis should be granted; however, because Plaintiff's average monthly deposits and average monthly balance are nearly zero, Plaintiff shall not be required to pay an initial installment of the filing fee. However, because the court is recommending dismissal of this action, the full filing fee must be paid pursuant to 28 U.S.C. § 1915(b)(2), which provides that the agency having custody of the prisoner shall

1  forward payments from the prisoner's account to the clerk of the court each time the amount in the

2  account exceeds $10 until the filing fees are paid.

3  ## II. SCREENING

4  **A. Standard**

5      28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any

6  event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

7  redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

8  1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of

9  the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which

10 relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

11 relief." 28 U.S.C. § 1915A(b).

12      Dismissal of a complaint for failure to state a claim upon which relief may be granted is

13 provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard

14 under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See*

15 *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6)

16 is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719,

17 723 (9th Cir. 2000).

18      In reviewing a complaint under this standard, the court must accept as true the allegations of

19 the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),

20 construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's

21 favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to

22 less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed.

23 *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per*

24 *curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d

25 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26      A complaint must contain more than a "formulaic recitation of the elements of a cause of

27 action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

28 level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

1   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2   cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

3   § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

4   claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

5   (2009).

6       A dismissal should not be without leave to amend unless it is clear from the face of the

7   complaint that the action is frivolous and could not be amended to state a federal claim, or the

8   district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

9   1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.

10  1990).

11  **B. Analysis**

12      Plaintiff has filed a Notice of Removal (Doc. # 1-1) where he seeks to remove a criminal

13  action brought in state court in January 1998, and for which Plaintiff was convicted and sentenced

14  in February 1998. (Doc. # 1-1 at 1.)

15      28 U.S.C. § 1455 governs the procedure for removal of criminal prosecutions. It states that

16  the "notice of removal of a criminal prosecution shall be filed not later than 30 days after the

17  arraignment in the State court, or at any time before trial, whichever is earlier, except that for good

18  cause shown the United States district court may enter an order granting the defendant or defendants

19  leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

20      Plaintiff's notice of removal plainly states that his criminal prosecution was initiated on

21  January 12, 1998, in the Second Judicial District Court in and for the County of Washoe, State of

22  Nevada, and that he was formally sentenced on February 10, 1998. (Doc. # 1-1 at 1.) Accordingly,

23  Plaintiff's notice of removal is improper. While 28 U.S.C. § 1455(b)(1) allows the district court to

24  grant leave to file the notice at a later time, there is no evidence of good cause for doing so, more

25  than fifteen years after Plaintiff's sentence was imposed.

26      Accordingly, Plaintiff's action should be dismissed. Because the deficiencies in Plaintiff's

27  action cannot be cured by amendment, the dismissal should be with prejudice. *See Cato v. United*

28  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted)**.**

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee; however, because the court is recommending dismissal of this action, the full filing fee should be paid pursuant to 28 U.S.C. §1915(b)(2), which provides that the agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(2) Plaintiff's action  (Doc. # 1-1) be **DISMISSED WITH PREJUDICE**;

(3) Plaintiff's motion for appointment of counsel (Doc. # 1-3) be **DENIED AS MOOT**.


Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**DATED**:   December 23, 2013.


_____
**WILLIAM G.  COBB**
**UNITED STATES MAGISTRATE JUDGE**