1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9    EDMOND WADE GREEN,                    Case No. 3:13-cv-00696-MMD-VPC
                              Plaintiff,
10                                                    ORDER
           v.
11
     NEVADA STATE OF,
12                            Defendant.
13

14         Before the Court is the Report and Recommendation ("R&R") of the Honorable

15   William G. Cobb, United States Magistrate Judge, entered on December 23, 2013 (dkt.

16   no. 2), regarding Plaintiff's Application to Proceed *in forma pauperis* (dkt no. 1), Plaintiff's

17   Notice of Removal (dkt. no. 1-1), and Plaintiff's Motion for Appointment of Counsel (dkt.

18   no. 1-3). The R&R recommends that Plaintiff's Application to Proceed *in forma pauperis*

19   be granted, but that Plaintiff's action be dismissed with prejudice.

20         Plaintiff Edmond Wade Green filed an objection to the R&R on January 14, 2014.

21   (Dkt. no. 3.)[1] This Court "may accept, reject, or modify, in whole or in part, the findings or

22   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely

23   objects to a magistrate judge's report and recommendation, then the court is required to

24   "make a *de novo* determination of those portions of the [report and recommendation] to

25   which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however,

26   _____

27         [1]While Plaintiff's Objections were filed after the January 9, 2014, deadline (see
     dkt. no. 2), the Court finds it appropriate to consider Plaintiff's Objections as part of its *de*
28   *novo* review.

the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed). The Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R.

First, Plaintiff objects to Judge Cobb's dismissal of Plaintiff's removal action. In the instant case, Plaintiff seeks to remove a criminal case brought against him in state court in January 1998, for which Plaintiff was convicted and sentenced in February 1998. (*See* dkt. no. 1-1 at 1.) Plaintiff seeks removal pursuant to 28 U.S.C. § 1455, which requires that the notice of removal be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" except upon a showing of good cause. *Id.* § 1455(b)(1). "A failure to state grounds that exist at the time of the filing of the notice [of removal] shall constitute a waiver of such grounds . . . . " *Id.* § 1455(b)(2). Mr. Green was sentenced more than 16 years ago and, as Judge Cobb found, provides no good cause for why removal should be granted.

In his Objections, Plaintiff states that he was under the impression that he was required to invoke removal in order to bring a habeas corpus action. (*See* dkt. no. 3 at 4.) The Court affirms the R&R's dismissal of Plaintiff's case as removal pursuant to 28 U.S.C. § 1455 is improper. To the extent Plaintiff is seeking to challenge the fact of his

1   confinement, Plaintiff's recourse is to file a petition for writ of habeas corpus under 28

2   U.S.C. § 2241 in the district where Plaintiff is serving his sentence.[2]

3         Given the Court's adoption of Judge Cobb's dismissal of the removal action, the

4   Court affirms Judge Cobb's denial of Plaintiff's Motion for Appointment of Counsel as

5   moot. The Court sustains Plaintiff's objections to the ruling on his Application to Proceed

6   *in forma pauperis*, however. Plaintiff's Application to Proceed *in forma pauperis* is

7   therefore denied as moot. Plaintiff is not responsible for the filing fee.

8         It is hereby ordered that Magistrate Judge Cobb's Report and Recommendation

9   (dkt. no. 2) is accepted in part and rejected in part.

10        It is therefore ordered that Plaintiff's Complaint (dkt. no. 1-1) is dismissed with

11  prejudice.

12        It is further ordered that Plaintiff's Application to Proceed *in forma pauperis* (dkt

13  no. 1) is denied as moot.

14        It is further ordered that Plaintiff's Motion for Appointment of Counsel (dkt. no. 1-3)

15  is denied as moot.

16        It is further ordered that the Clerk of the Court shall send petitioner two (2) copies

17  of a blank 28 U.S.C. § 2254 habeas petition form, and one (1) copy of instructions for the

18  same.

19        The Clerk of the Court is instructed to close this case.

20
        DATED THIS 14th day of May 2014.
21

22

23  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE
24

25

26

27
    _____
    [2]The Court does not in any way suggest that a petition for writ of habeas corpus
28  under 28 U.S.C. § 2241 would have any merits.